# FILED

October 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

KIM NUCHOLS (WALKER),  ) C/A NO. 03A01-9901-GS-00007
                       )
      Appellant,       ) BLOUNT GENERAL SESSIONS
                       )
vs.                    ) HON. WILLIAM R. BREWER, JR.,
                       ) JUDGE
BENNY NUCHOLS,         )
                       ) AFFIRMED AS
      Appellee.        ) MODIFIED


R. D. HASH, Maryville, for Appellant.

GERALD C. RUSSELL, Maryville, for Appellee.


## **O P I N I O N**

Franks, J.

        The Trial Court, responding to the father's petition to modify the joint

custody awarded at the time of the parties' divorce, ordered "physical custody to the father",

but retained the joint custody to both parents.  The mother has appealed.

        The parties were divorced on September 1, 1992, and have two minor

children, Michael, born October 13, 1985 and Alicia, born August 18, 1989.  The original

Decree awarding the parties joint custody, stated that the father would have the children at

night from 5:00 pm until 7:00 am while the mother was at work.  The mother would have the

children during the day.

The parties informally adjusted the custody arrangement when the mother changed jobs. For a period of time before this proceeding, Alicia had been staying overnight with the mother during the week, and Michael was spending a few nights a week with her as well. During this time, the mother worked ten hours a day, Monday through Thursday. Because she started work early, she had to get the children up at 5:00 am to leave them with the father to get them ready for school. Also during this time, Alicia was prescribed Ritalin for alleged Attention Deficit Disorder. She had been having problems in school and at home.

The mother, through the Blount County District Attorney filed a post divorce Petition to Set Child Support on December 18, 1997. The father filed his Answer and Counterclaim on January 26, 1998, requesting that the Final Decree of September 1, 1992 be changed to award him both the legal and physical custody of the children. He further alleged a significant and material change of circumstances.

The Trial Judge, in awarding physical custody of both children to the father, reasoned that "Defendant produced several witnesses that testified that he was a good father and enjoyed a good relationship with his children" and that "Defendant complains that the children do not get enough sleep because of [the changed schedule] and do not do as well in school as they could."

Our standard of review regarding the Trial Court's factual findings is *de novo*; and accompanying the Trial Court's finding is a presumption that the findings are correct, unless the evidence preponderates otherwise. T.R.A.P. Rule 13(d).

There is substantial evidence that the father is a good and fit father. However, his parenting skills are not at issue. In a modification proceeding, the Court is not comparing the relative fitness of the parents, but rather looking for such a material change in circumstances that it would be harmful for the child to remain with the existing custodial parent. *Musselman v. Acuff,* 826 S.W.2d at 920-922 (Tenn. App. 1991.

The father cites the mother's change in jobs necessitating waking the children at 5:00 a.m. as a significant change in circumstances. The father testified the children were tired all the time, sleeping late on weekends to make up for sleep they missed during the week. He offered no evidence of harm to the children other than his testimony that they were always tired. On the other hand, the wife testified that Alicia had been doing just as well in school as she had in the past when she had been able to sleep later.

The father focused on the problems that the mother has with discipline. However, the evidence in the record shows that this has been an ongoing problem since the divorce. A witness testified that she heard the mother make requests of the father that he discipline the children because she was unable to. This witness further testified that the comments were made in 1993.

The major "changed circumstance" to consider in modifying the custody award is the change in the mother's job that requires her to awaken the children at 5:00 am. "Changed circumstances" include any material change affecting the welfare of the child. *Blair v. Badenhope*, 941 S.W.2d 575 (Tenn.App. 1996). This has been described as that which requires a change in custody to prevent substantial harm to the child, *see Wall v. Wall*, 907 S.W.2d 829 (Tenn.App. 1995), or behavior that "clearly posits or causes danger to the mental or emotion well-being of a child." *Musselman*, 826 S.W.2d at 294.

The Trial Court observed the witnesses and believed the father's testimony that the change in the children's schedule had affected their well-being. Changed circumstances that rise to the level of positing or causing substantial harm to a child are required to "seriously consider the drastic legal action of changing custody". *Musselman*, 826 S.W.2d 924. However, in this case the parties have had joint legal and joint physical custody of the two children since the time of the divorce in 1992. During the intervening years, the father enjoyed much of the parenting time with the children. For the first three years he kept the children every day while the mother had them at night, and they alternated

weekends. For the next three years the father had the children from 5:00 p.m. to 7:00 a.m. each day, which included week days while they were in school. Thus, the change ordered by the Court was not an uprooting of the children or the "drastic" legal remedy discussed in *Musselman*.

Because the mother works from 5:00 a.m. to 5:00 p.m., Monday through Thursday, it does not appear that she has much time to spend with the children when they do spend the night. We find the change ordered by the Chancellor is reasonable under the circumstances, and is supported by the record. However, since the mother does not work on Friday, we believe it is appropriate for her to have physical custody of the children from after school on Friday until Sunday evening each week.

We remand to the Trial Court to enter an order consistent with this Opinion, and also reconsider the order of child support. We note that the original agreement of the parties was that they shared one-half of all expenses, and this should be taken into account in setting child support consistent with the guidelines, as well as the number of days the mother will have custody of the children.

The cost of the appeal is assessed one-half to each party, and the cause remanded.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
D. Michael Swiney, J.